## Gibbs *versus* Peck.

1. The provisions of the Act of February 17th 1858 (Mechanics' Liens on Leaseholds), so far as they relate to the verifying of liens, the time of filing and their continuance, are repealed by the Venango Act of April 8th 1868, extended to Crawford county; that act requiring the claim to be verified by affidavit, and scire facias issued within three months after filing the claim.

2. A lien on a leasehold, not verified by affidavit, was filed in Crawford county, December 23d 1871; scire facias issued to April Term 1873, and affidavit of defence filed. January 10th 1874, motion to strike it off; lien struck off April 6th 1874. *Held*, to be correct, the lien having been discharged by non-compliance with the provisions of the Act of 1868.

November 9th 1874. Before Agnew, C. J., Sharswood, Williams, Mercur and Gordon, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1874, No. 153.

This case was as follows :—

F. H. Gibbs, Russell & Co., on the 23d of December 1871, filed in the Court of Common Pleas of Crawford county a claim of $1400 against G. W. Peck and Fred. C. Peck, owners and reputed owners, and " against all that certain two-story steam saw-mill or building situated in the borough of Riceville, in the county aforesaid, * * * said steam saw-mill being erected on a certain leasehold, consisting of about three acres of land, leased from L. J. Lilley, said leasehold being situate, &c. * * * Together with the engine, boiler, pumps, machinery, fixtures, &c., connected with and used in and about said mill, and the leasehold or piece of ground and curtilage appertenant to said building : The sum aforesaid being a debt contracted for materials furnished by the said claimant, within six months last past, in and about the erection and construction of the said steam saw-mill or building, of which the said G. W. Peck and Fred. C. Peck were and are the owners or reputed owners, and at whose instance and request the said materials were furnished, and the said Gibbs, Russel & Co., claim to have a lien on the said steam saw-mill or building, and the leasehold or piece of ground and curtilage appertenant to said steam saw-mill or building, from the commencement thereof, and on the engine, boiler, pumps and all machinery in said mill, for the sum aforesaid, according to the Act of Assembly in such case made and provided. And the said claimant hereto annexes a bill of particulars," &c.

There was no affidavit to the claim.

A scire facias was issued on this mechanics' lien to April Term 1873, returnable the first Monday of March; on the 8th of February 1873, Walter R. Lindsay was made a party defendant, and the same day an affidavit of defence was filed. On the 10th of January 1874, on motion of the defendants a rule to show cause why the mechanics' lien should be stricken off was granted.

[Gibbs *v.* Peck.]

The reasons for the motion were :—

1. The claim is not verified by affidavit.

2. The claim was not filed within three months from and after the completion of the work.

3. No scire facias was issued on the claim within three months after filing the claim.

By the Act of February 17th 1858, sect. 1 (Pamph. L. 2, 2 Br. Purd. 1029, pl. 23), the Mechanics' Lien Law of June 16th 1836 was extended to all improvements, engines, machinery, &c., put up by tenants of leased estates on lands of others in Luzerne and Schuylkill counties, with the proviso that the lien should extend only to the interest of the tenants and to the improvements, &c., put up by the mechanics, &c., entering the lien. By Act of April 11th 1866 (Pamph. L. 649), the provisions of this act were extended to Crawford, Venango, Erie and Warren counties.

By the Act of April 8th 1868, a lien was given to persons furnishing materials to the erection, &c., of any engine, engine-house, &c., upon any leasehold, or material furnished, &c., the lien to extend to the interest of the tenant.

The person entitled to the lien must file in the prothonotary's office within three months from the time the last work is done or last materials furnished, a statement of his claim, verified by affidavit ; the statement to set forth the names of the claimant and of the owner or reputed owner and of the contractors, the amount claimed to be due, the time when the work was done or the materials furnished, with the date and amount of each item, the locality of the property, and a particular description of each part against which the claim is filed, describing it so as to identify it.

Section 4th provided that the debt should be a lien for six months after the last work is done or last materials furnished, although no claim should have been filed ; but the lien should not continue unless the claimant should within three months after filing his statement issue a scire facias in accordance with the provisions of the Act of June 16th 1836.

By the 8th section the provisions of the act were to extend only to Venango county, " and all laws, parts of laws and supplemental acts inconsistent herewith relating to liens of mechanics, &c., doing work or furnishing materials for or about engines, buildings and mineral improvements or leasehold estates, heretofore passed or enacted for said county of Venango," were repealed.

By Act of March 18th 1869 (Pamph. L. 410), the provisions of the Venango Act of 1868, were extended to the counties of Crawford, Warren and Clarion.

April 6th 1874 the court (Lowrie, P. J.), made the rule absolute, delivering the following opinion :—

" It is claimed that this lien is valid under the Mechanics' Lien Law of 17th February 1858, Pamph. L. 29, called the Luzerne Act,

and it is admitted that it is not valid if that act is not now the law for this county. In passing that law, the legislative mind was manifestly directed to the wants of the principal coal region of the state, and to the kind of business there carried on, especially with reference to the fact that a very large part of it consists of improvements made by mechanics on leased lands. But the expression of the law left room to give it a broader application to leased lands, and it was considered well adapted to the oil-producing business in our region, and therefore by the Act of 11th April 1866, it was extended to Erie, Crawford, Warren and Venango counties. Afterwards another act was passed, 8th April 1868, for the same purpose, more expressly applicable and adapted to the oil business. It was, however, confined to Venango county, until it was extended to Crawford, Warren and Clarion, by the Act of 18th March 1869. This requires us to look at the Venango Act, and we will find the 8th section contains a repealing clause, which is quite broad enough to set aside the remedies given by the Luzerne Act, and substitute better ones in their place.''

The plaintiffs removed the record to the Supreme Court by writ of error and assigned for error the striking off the mechanics' lien.

*Guthrie & Byles*, for plaintiffs in error referred to the above cited Acts of Assembly. The materials furnished come within the provisions of the Act of 1858 : Thomas *v.* Smith, 6 Wright 68 ; Schmidt *v.* Armstrong, 22 P. F. Smith 355 ; Schenley's Appeal, 20 Id. 98. Whenever two acts can stand together both should have full effect : Street *v.* Commonwealth, 6 W. & S. 212 ; Robson's Appeal, 12 P. F. Smith 405.

*Douglass & McCoy*, for defendants in error.

Mr. Justice GORDON delivered the opinion of the court, January 4th 1875.

The plaintiff's claim was filed under the provisions of the Act of 1858, and its supplement of 1866, extending the Mechanics' Lien Law of 1836 to buildings and machinery erected upon leasehold estates. Under this act, it was only necessary that the mechanic or material-man should file his claim within six months from the date of the last item of work done or materials furnished, in order to create a valid lien. The lien, so created, continued without further action for the period of five years from the date of the filing of the claim. It is conceded, that if this act is still in force in the county of Crawford, the plaintiff's claim was a lien upon the leasehold in question, and the court erred in striking it off.

The Act of April 8th 1868 (Pamph. L. 752), originally confined to the county of Venango, but extended, by the Act of 18th March

[Gibbs *v.* Peck.]

1869 to the county of Crawford, altered the above-stated provisions of the Act of 1858 in this: the statement of claim must be verified by affidavit and filed within three months from the date of the last item of work done or materials furnished, and the lien thus created continues but three months from the filing of the claim, unless a scire facias is issued within that time.

It is admitted that the plaintiff did not comply with these provisions, hence if the latter statute supplied or repealed the former he has no lien. That the Act of 1868 did supply and repeal that of 1858, a very cursory examination will prove. In the first place, the latter contains all the subjects of lien embraced in the former; and in the second place, if the former is still in force, then all the provisions of the latter requiring the affidavit of claim, the filing of the claim within three months, and the issuing of the scire facias within a like period thereafter, are nugatory. For in such case all these provisions may be disregarded and the lien be good, nevertheless. It is clear, therefore, that, as the legislature intended the provisions of the Act of 1868 to have force over the subjects therein named, those of the Act of 1858 must give way.

The judgment is affirmed.